## Weissman v. Stoelker, Jr.

*Holbrook M. Bunting, Jr.*, for plaintiff.
*Charles V. Stoelker, Jr.*, for defendant.
*Louis E. Seltzer*, for intervenor.

WEINROTT, J., April 6, 1973.—Before the court is a dispute between plaintiff and intervenor involving a fee of $1,200. In capsule form, plaintiff started an action in equity against the stakeholder, Charles V. Stoelker, Jr., Esq., to restrain him from paying the escrowed amount of $1,200 over to intervenor, I. Sidney Sherwin, Esq., who intervened and alleged that he was entitled to the whole fund.

The factual matters giving rise to the claim can be summarized as follows:

During the year 1963, plaintiff was the owner of certain premises, namely 401 West Somerset Street,

Philadelphia, which had been condemned by the City of Philadelphia. Plaintiff engaged intervenor to represent her regarding this condemnation. No fee was discussed until some time in October of 1971. Intervenor, on behalf of plaintiff, engaged in numerous conferences with appropriate authorities and received an offer of $67,500 for plaintiff's property. The City's appraiser had previously valued the land and building at $55,200. Subsequent negotiations on behalf of plaintiff developed an offer of $70,000. Plaintiff refused this offer and through her counsel petitioned for a board of view. At the hearing, plaintiff's expert testified that the value of plaintiff's property was $85,000; the city's appraiser testified to $55,200. Before the board of view entered an award, the tenant of plaintiff filed a claim which required a second hearing before the board of view on May 1, 1964. Briefs were submitted and argument heard. The tenant's claim was denied and the board entered an award of $70,000 in favor of plaintiff.

On January 11, 1965, the city appealed and further negotiations with the city by the intervenor on behalf of plaintiff resulted in the city's offering $74,900. This was accepted by plaintiff and the city discontinued its appeal. Extensive negotiations then became necessary between the intervenor and plaintiff on the amount of his fee. Eventually, in October of 1971, plaintiff agreed to pay intervenor the sum of $1,200 for all services rendered in connection with this condemnation, but she has refused to execute her agreement.

In the meantime, settlement was scheduled and plaintiff engaged Charles V. Stoelker, Jr., Esq., to represent her at the settlement. Upon agreement among all of the parties to this action, defendant Stoelker attended settlement and withheld $1,200, in

an escrow account, pending resolution of the fee dispute between plaintiff and intervenor. Plaintiff seeks an offset for an amount of $500, but we find as a fact that that $500 was paid to intervenor for services not connected with this condemnation.

During the course of the condemnation proceeding, unusually extensive correspondence took place, part of which was offered into evidence by the intervenor. Similarly, numerous conferences were held between plaintiff and intervenor discussing the progress of the case. Intervenor testified that during the condemnation proceeding, plaintiff visited his office over a hundred times.

The funds are presently in the possession of defendant and all funds from the settlement have been distributed except the $1,200 held by defendant, per agreement of the parties.

We hold that under the factual content set forth above that intervenor has an attorney's charging lien upon the fund. The elements necessary to evoke an attorney's charging lien were set forth in Penn Mutual Life Insurance Company v. Finkel, 428 Pa. 11, at 17, as follows:

" ' [B]efore a charging lien will be recognized and applied, it must appear (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than [to] the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which nec-

essitate the recognition and application of the charging lien.' "

We hold that all of the above elements have been met. See also Herbert Petition, 18 D. & C. 2d 476.

We also hold that the statute of limitations does not bar the claim of an intervenor, since the agreement for his services was not made until October of 1971.

We also hold that the defense of laches does not bar the intervenor's claim; to the contrary, it appears that intervenor did everything humanly possible to settle this dispute, and the only reason the litigation resulted was the bad faith bargaining position taken by plaintiff.

We further conclude that the parties and the subject matter come within the equitable jurisdiction of this court.

In view of the foregoing, we enter the following

## DECREE NISI

And now, to wit, April 6, 1973, it is ordered, adjudged and decreed as follows:

1. Plaintiff's petition to restrain defendant from paying the said escrow funds to anyone other than her is dismissed.

2. Intervenor's petition for payment of said funds to him is granted.

3. Defendant, Charles V. Stoelker, Jr., Esquire, is directed to pay to I. Sidney Sherwin, Esquire, intervenor, from the escrow account the sum of $1,200.

The prothonotary is directed to enter this decree nisi and give notice thereof to the parties and their counsel, and unless exceptions thereto are filed within 20 days thereafter, the decree nisi shall be entered as a final decree by the prothonotary as of course.